IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PERFORMANCE PROXY RESEARCH, LLC, <br><br> Plaintiff, <br><br> v. <br><br> CISCO SYSTEMS, INC., CHECK POINT SOFTWARE TECHNOLOGIES, LTD., and CHECK POINT SOFTWARE TECHNOLOGIES, INC., <br><br> Defendants. | Civil Action No. _____ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Performance Proxy Research, LLC complains of Defendants Cisco Systems, Inc., Check Point Software Technologies Ltd., and Check Point Software Technologies, Inc., as follows:

### NATURE OF LAWSUIT

1. This is a suit for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of this Complaint under 28 U.S.C. § 1338(a).

### PARTIES AND PATENTS

2. Performance Proxy Research, LLC ("PPR") is an Illinois limited liability corporation with its principal place of business at 1901 North Roselle Road, Suite 800, Schaumburg, Illinois 60195. PPR owns all right, title and interest in, and has standing to sue and recover damages for infringement of United States Patent No. 7,325,063, entitled "Apparatus,

1

Method and System For Removing Ethernet Header and Adding Second IP Header" (the "'063 Patent" and attached as Exhibit A), and United States Patent No. 7,774,501, entitled "Network Layer Tunnel Apparatus Having Transport Layer/Network Layer Stack and Network Layer Tunnel and Method Using Network Layer Tunnel" (the "'501 Patent" and attached as Exhibit B) (collectively, the "patents-in-suit").

3. Cisco Systems, Inc. ("Cisco") is a California corporation with a principal place of business at 170 West Tasman Drive, San Jose, California 95134. Cisco markets products, services, and technologies throughout the United States and this judicial district through its website, www.cisco.com. Cisco has committed acts of infringement in this judicial district and does regular business in this judicial district, including selling, directly and through authorized partners and resellers, for example, "US Online Partners", "Cisco Partners", and subsidiaries it controls, the products, services, and technologies accused of directly infringing and inducing and contributing to others' direct infringement in this judicial district.

4. Check Point Software Technologies, Ltd. is an Israeli company with its principal place of business at 5 Ha'Solelim Street, Tel Aviv 67897, Israel. Check Point Software Technologies, Inc., a wholly owned subsidiary of Check Point Software Technologies, Ltd., is a Delaware corporation and is located at 800 Bridge Parkway, Redwood City, California 94065 (collectively "Check Point"). Check Point markets products, services, and technologies throughout the United States and this judicial district through its website, www.checkpoint.com. Check Point has committed acts of infringement in this judicial district and does regular business in this judicial district, including selling, directly and through subsidiaries and authorized partners and resellers, for example, "Value-Added Resellers" and "Check Point Managed

Service Providers", the products, services, and technologies accused of directly infringing and inducing and contributing to others' direct infringement in this judicial district.

5. This Court has personal jurisdiction over Defendants by virtue of their tortious acts of patent infringement, which have been committed in the State of Illinois and specifically in this judicial district, and by virtue of their regular and systematic transaction of business in the State of Illinois, including in this judicial district.

## VENUE

6. Venue is proper in this district under 28 U.S.C. §§ 1391(c)-(d) and 1400(b).

## DEFENDANTS' ACTS OF PATENT INFRINGEMENT

7. Cisco has infringed and continues to infringe one or more of the claims of the patents-in-suit within the meaning of 35 U.S.C. § 271(a) by at least making and using security products, services, and technologies, including without limitation routers and network switches enabled with Cisco's Internetwork Operating System (IOS), such as, for example, the Cisco 7200 series, 2600 series, and 3600 series routers; adaptive security appliances, such as, for example, the Cisco ASA 5500 Series SSL/IPsec VPN Edition; software intended to be used with the aforementioned products, such as, for example, Cisco (IPsec) VPN client and Cisco EasyVPN; and concentrators, such as, for example, Cisco VPN 3000 Series Concentrators in combination with Cisco Catalyst 6500.

8. Cisco has infringed and continues to infringe one or more of the claims of the patents-in-suit within the meaning of 35 U.S.C. § 271(b) by actively and intentionally inducing others, such as customers and end-users of the products, services, and technologies identified in paragraph 7, to directly infringe the patents-in-suit. Such active and intentional inducement includes making, using, selling, and/or offering to sell the aforementioned products, services, and

technologies to customers and end-users (including through subsidiaries and authorized partners and resellers), and aiding, assisting and encouraging the infringement of the patents-in-suit with knowledge of the patents-in-suit.

9. Cisco has infringed and continues to infringe one or more of the claims of the patents-in-suit within the meaning of 35 U.S.C. § 271(c) by contributing to the direct infringement of the patents-in-suit by others, such as its customers and end-users using the products identified in paragraph 7. Cisco has contributed to such infringement by making, using, selling, and/or offering to sell at least the aforementioned products, services, and technologies to customers and end-users (including through subsidiaries and authorized partners and resellers) where such products, services, and technologies constitute a material part of the inventions found in the patents-in-suit which Cisco knows are especially made or adapted for use in infringing the patents-in-suit, and which Cisco knows are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

10. Check Point has infringed and continues to infringe one or more of the claims of the patents-in-suit within the meaning of 35 U.S.C. § 271(a) by at least making and using security products, services, and technologies, including without limitation Check Point "Power-1$^{TM}$" Appliances running IPsec VPN software blades, Connectra$^{TM}$ Gateway Access Control, "UTM-1$^{TM}$" Appliances running IPsec VPN software blades, Integrated Appliance Solutions (IAS) Bladed Hardware, IP Security Appliances running IPsec VPN software, Safe@Office UTM Appliances, VPN-1 Power VSX Appliances, Advanced Networking Software Blades, and Check Point Endpoint Security$^{TM}$.

11. Check Point has infringed and continues to infringe one or more of the claims of the patents-in-suit within the meaning of 35 U.S.C. § 271(b) by actively and intentionally

inducing others, such as customers and end-users of the products identified in paragraph 10, to directly infringe the patents-in-suit. Such active and intentional inducement includes making, using, selling, and/or offering to sell the aforementioned products, services, and technologies to customers and end-users (including through subsidiaries and authorized partners and resellers), and aiding, assisting and encouraging the infringement of the patents-in-suit with knowledge of the patents-in-suit.

12. Check Point has infringed and continues to infringe one or more of the claims of the patents-in-suit within the meaning of 35 U.S.C. § 271(c) by contributing to the direct infringement of the patents-in-suit by others, such as its customers and end-users using the products identified in paragraph 10. Check Point has contributed to such infringement by making, using, selling, and/or offering to sell at least the aforementioned products, services, and technologies to customers and end-users (including through subsidiaries and authorized partners and resellers) where such products, services, and technologies constitute a material part of the inventions found in the patents-in-suit which Check Point knows are especially made or adapted for use in infringing the patents-in-suit, and which Check Point knows are not staple articles or commodities of commerce suitable for substantial non-infringing uses.

13. The aforementioned acts of infringement of the patents-in-suit have injured PPR, and PPR is entitled to recover damages adequate to compensate it for such infringement from each Defendant, but in no event less than a reasonable royalty.

14. The aforementioned acts of infringement of the patents-in-suit by each Defendant have injured and will continue to injure PPR unless and until this Court enters an injunction prohibiting further acts of infringement and, specifically, enjoining further manufacture, use,

offers for sale and/or sale of the accused products, services, and technologies of each Defendant that are covered by the claims of the patents-in-suit.

15. PPR has complied with the marking and notice requirements of 35 U.S.C. § 287 with respect to the patents-in-suit to the extent applicable.

## PRAYER FOR RELIEF

WHEREFORE, PPR requests that a judgment be entered as follows:

    A.    A finding that Cisco and/or Check Point have infringed the patents-in-suit;

    B.    An award of damages adequate to compensate PPR for the infringement that has occurred, together with prejudgment interest from the date infringement of the patents-in-suit began, said damages to be no less than a reasonable royalty;

    C.    An award to PPR of all remedies available under 35 U.S.C. § 284;

    D.    An award to PPR of all remedies available under 35 U.S.C. § 285;

    E.    A permanent injunction prohibiting each of Cisco and Check Point, and all those acting in concert or participating with any or all of them, from further acts of infringement of the patents-in-suit; and,

    F.    Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

PPR demands a trial by jury on all issues so triable.

Plaintiff Performance Proxy Research, LLC.

/s/Frederick C. Laney
Raymond P. Niro
Dean D. Niro
Frederick C. Laney
Joseph A. Culig
NIRO, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733
Fax: (312) 236-3137
rniro@nshn.com
dniro@nshn.com
laney@nshn.com
jculig@nshn.com